THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES MOYLAN and**<br>**DAWN MOYLAN, his wife**<br>125 Moosic Gap Road<br>Jefferson Township, PA 18436<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>**ALLSTATE FIRE AND CASUALTY**<br>**INSURANCE COMPANY a/k/a d/b/a**<br>**ALLSTATE**<br>2775 Sanders Road, Suite A3<br>Northbrook, IL 60062<br>　　　　　　　　Defendant. | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

1. Plaintiffs, James Moylan and Dawn Moylan, his wife, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

2. Defendant, Allstate Fire and Casualty Insurance Company d/b/a Allstate Insurance Company (hereinafter "Allstate"), is a corporation organized and existing under and by virtue of the laws of the State of Illinois with a principal place of business therein at the above captioned address.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiffs and defendant.

4. Venue in this Court is proper under 28 U.S.C. §1391 because the subject insurance contract is written within this district.

5.  On or about September 14, 2023, at or about 1:55 a.m., plaintiff, James Moylan, was the operator of a motor vehicle traveling on or near I-81 at or near mile marker 182.6 in Scranton, Pennsylvania.

6.  On or about September 14, 2023, at or about 1:55 a.m., defendant, an uninsured operator was operating an uninsured motor vehicle traveling on or near I-81 at or near mile marker 182.6 in Scranton, Pennsylvania.

7.  At the time and place aforesaid, the uninsured operator of the uninsured motor vehicle was uninsured.

8.  At the time and place aforesaid, plaintiffs were insured with defendant, Allstate, under a policy for automobile insurance number 918 515 858 (hereinafter "policy").

9.  At the time and place aforesaid, said policy issued by defendant, Allstate, was for no less than four (4) motor vehicle(s) registered in Jefferson Township, Pennsylvania.

10. Within the above identified policy of automobile insurance, defendant, Allstate, by the terms of which it contracted to pay first party benefits on account of injuries from a motor vehicle accident, including but not limited to Uninsured Motorist (hereinafter "UM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an uninsured motor vehicle and/or operator.

11. Defendant, Allstate, policy number 918 515 858 provides not less than Two Hundred Thousand Dollars ($200,000.00) per person of "UM" benefits per vehicle insured under said policy.

12. Defendant, Allstate, said policy for automobile insurance was in full force and effect on September 14, 2023.

13. Additional yet to be identified policies issued by defendant under which plaintiffs

may be an insured on the date of this accident may have also been in full force and effect on September 14, 2023.

14. Additional uninsured motorist benefits may be available under the aforesaid policy with Defendant, Allstate.

15. At the time and place as aforementioned, the uninsured operator of the uninsured motor vehicle carelessly and negligently operated said motor vehicle so as to strike the motor vehicle operated by plaintiff, James Moylan, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

16. The wrongful and negligent conduct of uninsured operator of the uninsured motor vehicle consisted of, among other things, the following:

    a. Failing to have said motor vehicle under adequate and proper control;

    b. Vicarious liability for the actions/inactions of defendant(s);

    c. Failure to timely apply brakes to bring vehicle to a complete stop before impact;

    d. Failure to exercise ordinary care to avoid a collision;

    e. Failing to remain continually alert while operating a motor vehicle;

    f. Driving too fast for conditions;

    g. Operating motor vehicle in an "over-aggressive" manner;

    h. Failing to appreciate traffic conditions;

    i. Traveling too fast under the circumstances;

    j. Operating said motor vehicle at a high and excessive rate of speed;

    k. Failing to use due caution in driving said motor vehicle;

    l. Failing to take due note of the point and position of other motor vehicles;

    m. Failing to maintain an assured clear distance of other motor vehicles

n. Failing to yield the right of way to other motor vehicles;

o. Failing to warn plaintiff;

p. Failing to yield the right of way;

q. Failing to stop said motor vehicle prior to striking another motor vehicle;

r. Striking the rear of plaintiff's vehicle;

s. Failing to maintain a proper lookout;

t. Operating said motor vehicle in an inattentive manner;

u. Operating a motor vehicle when contra-indicated by lack of sleep and/or other physical conditions;

v. Failure to properly brake and steer said motor vehicle;

w. Failure to operate said motor vehicle in a safe manner;

x. Disregarding the designated lanes of travel on the road;

y. Disregarding applicable traffic controls and/or signals;

z. Disregarding health conditions which may impact the ability to safely operate a motor vehicle;

aa. Operating said motor vehicle without due regard to the traffic, use, width and purpose of the roadway;

bb. Causing said motor vehicle to come in contact with a motor vehicle;

cc. Failure to abide by policies and procedures regarding safe operation and maintenance of said motor vehicle;

dd. Failure to be properly qualified as an operator of a said motor vehicle of the kind operated by defendant; and,

ee. Causing injuries to plaintiff.

17. As a result of the accident aforementioned, plaintiff, James Moylan, sustained multiple injuries, including, but not limited to, closed head injury, cervical disc injury, cervical sprain and strain, lumbar disc injury, lumbar sprain and strain, left shoulder SLAP tear, left shoulder sprain and strain, as well as other injuries to his head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

18. As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

19. As a result of the collision, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

20. As a result of the collision, plaintiff has suffered an injury which may be permanent, irreparable and severe.

21. As a result of the collision, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future, which such loss of income and/or impairment of earning capacity.

22. As a further result, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of

himself, if he had not been so grievously injured.

23. As a result of the collision, plaintiff has incurred associated incidental expenses for which defendant is liable.

WHEREFORE, plaintiffs demand judgment against defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT II
## PLAINTIFFS VS. DEFENDANT, ALLSTATE
### *Uninsured Motorist Claim*

24. Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

25. At the time and place as aforesaid, the uninsured operator and the uninsured motor vehicle were "uninsured.".

26. Within the said policy of automobile insurance, by the terms of which defendant, Allstate, contracted to pay first party benefits on account of plaintiffs' injuries, including but not limited to Uninsured Motorist (hereinafter "UM") benefits, to plaintiffs for injuries arising from a motor vehicle accident involving an uninsured driver and uninsured motor vehicle.

27. Plaintiffs timely placed defendant, Allstate, on notice for "UM" benefits after the subject motor vehicle crash.

28. Plaintiffs properly complied with the terms and conditions of said policy to bring a claim for "UM" benefits under said policy.

29. The defendant, Allstate, policy of automobile insurance provided "UM" benefits with a total limit of no less than $200,000.00 per person.

30. Plaintiffs are entitled to make a claim for Uninsured Motorist benefits with Defendant, Allstate, pursuant to said policy.

31. Plaintiffs have demanded payment of Uninsured Motorist benefits from Defendant, Allstate.

32. Defendant, Allstate, is obligated to provide Uninsured Motorist benefits to plaintiffs.

33. It is the duty and obligation of Defendant, Allstate, to pay Uninsured Motorist benefits to plaintiffs.

34. Defendant, Allstate, is obligated to act in good faith when adjusting the subject Uninsured Motorist claims presented by plaintiffs.

35. Defendant, Allstate, breach of its contractual obligations to plaintiffs includes, *inter alia*, the following:

   a. Vicarious liability for the actions/inactions of agents, servants and/or employees;
   b. Failing to adjust plaintiffs' claims;
   c. Failing to properly adjust plaintiffs' claims;
   d. Failing to timely adjust plaintiffs' claims;
   e. Failing to objectively evaluate plaintiffs' claims;
   f. Failing to fairly evaluate plaintiffs' claims;
   g. Failing to timely evaluate plaintiffs' claims;
   h. Failing to reasonably investigate plaintiffs' claims;
   i. Failing to fairly negotiate plaintiffs' claims;
   a. Failing to timely negotiate plaintiffs' claims.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs

## COUNT III
## WIFE- PLAINTIFF, DAWN MOYLAN, VS. DEFENDANTS
### *LOSS OF CONSORTIUM*

36. Plaintiffs incorporate the preceding paragraphs as if set forth at length herein.

37. As a result of the injuries sustained by husband-plaintiff, James Moylan, as aforesaid, wife-plaintiff, Dawn Moylan, has been deprived of the society, companionship and

consortium of her husband herein named, and she will be deprived of same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, plaintiffs demand judgment against defendant in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

WAPNER NEWMAN

BY: _____
**ROBERT S. MILLER, ESQUIRE**
Identification No. 65854
rmiller@wapnernewman.com
**STEVEN T. BRECHER, ESQUIRE**
Identification No. 323111
sbrecher@wapnernewman.com
1628 John F. Kennedy Boulevard
Suite 800
Philadelphia, PA 19103
Phone: (215)569-0900
Facsimile: (215)569-4621
Attorneys for Plaintiffs